UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

LILY, *et al.*,

       Plaintiffs,

v.

DONALD VINCENT KELLER,

       Defendant.

Case No. 6:25-cv-00078-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Plaintiffs, on their own behalf and by their corresponding next friend and Guardian Ad Litem, bring a suit for liquidated damages arising out of Defendant's alleged commission of crimes relating to the possession of child sex abuse materials. Before the Court is Plaintiffs' Motion to Strike Affirmative Defenses. ECF No. 14. For the reasons below, Plaintiffs' Motion is GRANTED in part and DENIED in part.

## BACKGROUND

    On November 22, 2024, Defendant pleaded guilty and was sentenced for violation of Or. Rev. Stat. § ("ORS") 163.686, which makes it a Class C felony to knowingly possess, control, or access sexually explicit conduct involving a child. Am. Compl. ¶¶ 43-45, ECF No. 6; Def.'s Answer to Am. Compl. ("Def.'s Answer") ¶ 6, ECF No. 9. The criminal offense was committed

on or about June 29, 2024. Am. Compl. ¶ 43; Def.'s Answer ¶ 6. Plaintiffs allege that they are

victims of child sex abuse, and that Defendant was convicted for possessing images of their

abuse. ¶ 47. Plaintiffs bring a civil claim under 18 U.S.C. § 225(a), which allows victims of

crimes related to the possession of child sex abuse materials to recover $150,000 in liquidated

damages plus costs and attorneys fees.

## PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on January 15, 2025. ECF No. 1. Because of the sensitive

nature of the underlying facts at issue, Plaintiffs filed under pseudonyms. On January 17, 2025,

the Court, *sua sponte*, permitted Plaintiffs to proceed with the filing of the Complaint without

publicly identifying themselves. ECF No. 2. On January 22, 2025, Plaintiffs filed an Amended

Complaint which added additional Plaintiffs under pseudonyms. ECF No. 6. Defendant

Answered on February 18, 2025.

On February 24, 2025, Plaintiffs filed a Motion to Proceed with the Amended Complaint

using Pseudonyms. ECF No. 11. The Deadline for Defendant's response was March 10, 2025,

LR 7-1(e)(1), but no response was filed by the deadline. On March 17, 2025, the Court granted

Plaintiffs' Motion to Proceed under Pseudonyms. ECF No. 17. Later that day, without filing a

motion for extension of time or seeking leave of the Court, Defendant filed an untimely response

to the Motion to Proceed Under Pseudonyms, which the Court refused to consider. May 6, 2025,

Order at 2, ECF No. 34.

On March 11, 2025, Plaintiffs filed the present Motion to Strike Affirmative Defenses.

ECF No. 14. Deadline for Defendant's response was March 25, 2025, LR 7-1(e)(1), but no

response was filed by the deadline. On April 8, 2025, without filing a motion for extension of

time or seeking leave of the Court, Defendant filed a response brief. ECF No. 23. When ruling

on Plaintiffs' Motion to Strike Affirmative Defenses, the Court will not consider Defendant's untimely response brief which was filed without the Court's authorization.

## STANDARD

A court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). The disposition of a motion to strike is within the discretion of the district court. *See Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). However, motions to strike are generally disfavored and infrequently granted. *See Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, 932 F.2d 972 (9th Cir. 1991).

"A motion to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Levi v. Chapman*, No. 6:22-CV-01813-MK, 2023 WL 3412894, at *1 (D. Or. May 12, 2023) (citations omitted). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "While defendant need not plead extensive factual allegations, he must include more than bare statements reciting mere legal conclusions." *"Amy" v. Curtis*, No. 19-CV-02184-PJH, 2020 WL 6271046, at *3 (N.D. Cal. Oct. 26, 2020) (quotation marks omitted).

**DISCUSSION**

**I.    Whether 18 U.S.C. § 2255 Permits Affirmative Defenses**

Plaintiffs first argue that because § 2255 does not expressly provide for affirmative defenses, Defendant's affirmative defenses are *per se* barred and should be stricken. Plaintiffs cite to unrelated statutes that expressly permit affirmative defenses and argue that the absence of such a provision in § 2255 demonstrates that Congress intended on prohibiting affirmative defenses to a claim brought under § 2255.

The Court disagrees. Plaintiffs fail to cite any authority holding that § 2255 does not permit affirmative defenses nor does any reasonable interpretation of the language in § 2255 suggest that Congress intended to prohibit affirmative defenses.

**II.   Whether Defendant's Affirmative Defenses Are Sufficiently Pleaded**

Plaintiffs argue that Defendant has merely listed various affirmative defenses, without pleading any facts to support his defenses and that regardless, his affirmative defenses have no possible bearing on the subject matter of this litigation.

"Although the fair notice standard does not require a detailed statement of facts, 'it does require the defendant to state the nature and grounds for the affirmative defense.'" *Hanney v. Epic Aircraft LLC*, No. 6:21-CV-01199-MK, 2022 WL 6592556, at *2 (D. Or. Oct. 6, 2022) (brackets omitted) (quoting *Fed. Trade Comm'n v. Adept Mgmt., Inc.*, No. 1:16-CV-00720-CL, 2017 WL 1055959, at *1 (D. Or. Mar. 20, 2017)); *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, No. 3:16-CV-1510-SI, 2017 WL 7313944, at *2 (D. Or. Nov. 27, 2017) ("Fair notice generally requires that the defendant state the *nature and grounds* for the affirmative defense.") (emphasis in original) (citation omitted).

Defendant asserts six affirmative defenses, which state in full:

1.   The damages Plaintiffs seek violate Defendant's Eighth Amendment right to be free from excessive fines.

2. The damages Plaintiffs seek violate Defendant [*sic*] Fifth Amendment right to Due Process.

3. 18 USC §2255 abolishing the statute of limitations violates Defendant's Fifth Amendment Right to Due Process.

4. Plaintiffs proceeding anonymously violates Defendant's Fifth Amendment Right to Due Process.

5. Plaintiffs are part of another action pending in *"Amy" and "Jessica" v. Apple, Inc.*, United States District Court, Northern District of California Case No: 5:24-cv-8832.

6. Defendant expressly reserves the right to amend this Answer and assert additional affirmative defenses as may be necessary or appropriate.

Def.'s Answer, 3-4.

Defendant broadly states the nature but not the grounds of his affirmative defenses. "[S]uch pleadings give [a plaintiff] no information as to whether [a defendant has] an arguable basis for any such claims or are simply asserting them just in case facts might later arise to support them." *Antonio v. Kokor*, No. 116CV00716DADMJSPC, 2017 WL 942386, at *2 (E.D. Cal. Mar. 10, 2017). Some factual bases, even brief, is necessary to be sufficiently pled.

Regarding Defendant's First, Second, Third, and Fourth affirmative defenses, Defendant fails to allege any facts that would permit Plaintiffs or the Court to understand the basis of Defendant's constitutional challenges and whether they are legally sufficient. For example, Defendant does not specify whether he intends to bring a facial or as applied challenge to § 2255.[1]

---

[1] Regarding Defendant's Third affirmative defense, it is also unclear how Defendant's due process rights could be violated by the removal of the statute of limitations when here, Plaintiffs filed their Complaint less than one year after Defendant committed and pleaded guilty to the underlying criminal offense.

Additionally, as Plaintiffs correctly note, under Rule 5.1 "a party that files a pleading . . . drawing into question the constitutionality of a federal or state statute must promptly" file notice of the constitutional question and serve the notice on the Attorney General. Fed. R. Civ. P. 5.1(a)(1)-(2). Defendant has not filed notice and proof of service. The Court strikes Defendants' First, Second, Third, and Fourth affirmative defenses. *See Curtis*, 2020 WL 6271046, at \*8 (striking affirmative defenses based on the constitutionality of § 2255 for failure to adequately plead and comply with Rule 5.1).[2]

Defendant's Fifth affirmative defense is equally conclusory and vague. Plaintiff notes that Defendant indicated in conferral that he intends to withdraw the fifth affirmative defense, which the Court now strikes.

Plaintiffs argue that Defendant's Sixth affirmative defense, a reservation to amend the Answer and assert additional defenses, should be stricken because it is an improper attempt to circumvent the standards under Rule 15 for seeking leave to amend. "Affirmative defenses are allegations unrelated to the plaintiff's *prima facie* case that deny the plaintiff's right to relief, even if all allegations in the complaint are true." *Kohler v. Staples the Off. Superstore, LLC*, 291 F.R.D. 464, 471 (S.D. Cal. 2013). Defendant's reservation of the right to amend is not, strictly speaking, an affirmative defense. However, pleading the reservation to assert additional defenses is neither uncommon nor "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) is to help "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fed. R. Civ. P.

---

[2] In addition to being vague and conclusory, Defendant's First affirmative defense fails as a matter of law. The excessive fines clause of the Eighth Amendment does not "apply to damages awarded in disputes between private parties." *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 268 (1989). Rather, the excessive fines clause only applies to "fines directly imposed by, and payable to, the government." *Id.*

12(f). Failure to strike Defendant's reservation of the right to amend does not permit Defendant to circumvent the rules of procedure. Plaintiffs will not be prejudiced by what is effectually a reservation of the right to file a motion for leave to amend. Whether Defendant may amend his Answer and assert additional affirmative defenses is not before the Court. If Defendant seeks leave to amend his Answer, he must file the appropriate motion and do so in accordance with the federal and local rules. Plaintiffs' motion to strike Defendant's Sixth affirmative defenses is denied.

## CONCLUSION

Plaintiffs' Motion to Strike (ECF No. 14) is GRANTED in part and DENIED in part. Defendant's First, Second, Third, Fourth, and Fifth affirmative defenses are STRICKEN.

DATED this 12th day of May 2025.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States District Judge